B. B. ODOM, plaintiff in error, *vs.* WILLIAM C. GILL, defendant in error.

An appeal would, by section 3554 of the Code, lie from the verdict of the jury in the County Court, in a collateral issue, at the discretion of the Judge presiding in said Court.

County Court. Appeal. Collateral issue. Before Judge CLARK. Lee Superior Court. March Term, 1872.

B. B. Odom obtained a rule absolute against William C. Gill, former sheriff of Lee county, at the February Term, 1861, of Lee Inferior Court, requiring him to pay to said Odom the sum of $304 50 principal, and $15 85 interest, within sixty days, or on failure thereof to be attached for contempt.

The money was never paid. The Inferior Court was abolished, and its business transferred to the County Court. At the January Term, 1867, of the County Court, William C. Gill upon divers grounds moved that the aforesaid rule absolute and order for attachment be vacated. Odom traversed the grounds of the motion, and the issues were submitted to a jury, which found in favor of the movant. Application

was made by respondent for the privilege of appealing to the Superior Court. The Court allowed the appeal. When the case was called in the Superior Court, Gill moved to dismiss the appeal, upon the ground that the case could not be brought up in that manner. The motion was allowed and the appeal dismissed. To which ruling Odom excepted, and now assigns the same as error.

R. J. & L. P. D. WARREN, for plaintiff in error.

FRED. H. WEST, represented by CLARK & GOSS, for defendant.

McCAY, Judge.

This appeal must have been dismissed without any examination of the Code. Section 3554, Revised Code, expressly provides that an appeal will lie to the Superior Court, from the verdict of a jury in the County Court, on a collateral issue: *Provided*, the Judge of the County Court, in the exercise of his discretion, permits it. This, as the record shows, the Judge of the County Court has done, and the right to appeal would seem to be complete. It has been argued, that as it does not affirmatively appear, that this appeal was upon payment of costs and giving bond for the eventual condemnation money, the appeal was properly dismissed on that ground. It would hardly be fair to sustain this dismissal on that ground; no such point was made in the Court below. Perhaps had this ground been insisted on, it might have been possible for the appellant to perfect the record, by showing the cost had been paid and bond given. But we are not sure this was necessary. The statute says the appeal is to be at the discretion of the Judge. The very nature of such an issue being as it is only collateral to the final judgment, would seem to be outside of the reason of the law requiring costs to be paid and bond given in case of appeals. The appeal is provided for in lieu of a new trial, which is the course such issues take in the Superior Court.

Judgment reversed.